# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 13-657V
### Filed: August 6, 2014
### (Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

| | | |
|---|---|---|
| SUSAN MOODY, | * | |
| Petitioner, | * | Conceded; Influenza Vaccine; |
| v. | * | Shoulder Injury related to vaccine |
| | * | administration [SIRVA]; Proffer |
| SECRETARY OF HEALTH | * | on Damages |
| AND HUMAN SERVICES, | * | |
| Respondent. | * | |

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Cary Michel Toland, Esq.,* Law Office of Cary M. Toland, PC, Brownsville, TX for petitioner.
*Lindsay Corliss, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION ON DAMAGES[1]

**Gowen**, Special Master:

On September 10, 2013, Susan Moody ["petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"].  The petition alleges that petitioner received the influenza vaccine on September 11, 2011, and thereafter suffered a shoulder injury which was caused-in-fact by the influenza vaccine.  Petition at 1.  On December 27, 2013, respondent filed her Rule 4(c) report ["Respondent's Report"], in which she concedes that petitioner is entitled to compensation in this case. Respondent's Report at 4. Chief Special Master Vowell issued a Ruling on Entitlement on December 27, 2013.  I was reassigned this case on March 6, 2014.

On August 4, 2014, respondent filed a proffer on award of compensation, which indicated that petitioner agreed to the compensation amount.  Additionally, petitioner's counsel was contacted by my chambers on August 6, 2014, where he confirmed petitioner's agreement with the proposed compensation amount contained within the filed Proffer.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post this ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $80,000.00 (representing compensation for future medical expenses ($6,000.00), lost future earnings ($3,095.00), pain and suffering ($64,870.61), and past unreimbursable expenses ($6,034.39)) in the form of a check payable to petitioner, Susan Moody.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____

|  |  |  |
|---|---|---|
| SUSAN MOODY, | ) | |
| | ) | |
| Petitioner, | ) | No. 13-657V  ECF |
| | ) | |
| v. | ) | Special Master Gowen |
| | ) | |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

_____ )

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On September 10, 2013, petitioner, Susan Moody ("petitioner"), filed a petition for

compensation under the National Childhood Vaccine Injury Act of 1986 (the "Vaccine Act"), as

amended.   42 U.S.C. §§ 300aa-1 et seq.   Petitioner alleged that her September 11, 2011,

influenza ("flu") vaccination resulted in a shoulder injury related to vaccine administration

("SIRVA").  Petitioner alleged a theory based on causation-in-fact.   The Secretary of Health and

Human Services ("respondent") filed a Vaccine Rule 4(c) Report, conceding that petitioner

suffered from SIRVA as a result of her vaccination, and recommending that petitioner be

awarded compensation.  Respondent hereby submits the following proffer regarding the award of

compensation.  This proffer does not address final attorneys' fees and litigation costs.  Petitioner

is additionally entitled to reasonable attorneys' fees and litigation costs, to be determined at a

later date upon petitioner submitting substantiating documentation.

## I.    Items of Compensation

A.    Future Medical Care Expenses

Respondent proffers that, based on the evidence of record, petitioner is entitled to an

award for projected unreimbusable medical care expenses to be incurred from the date of judgment as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(A).  Respondent proffers that the appropriate amount of an award for petitioner's future medical expenses is $6,000.00.  Petitioner agrees.

### B.      Lost Future Earnings

The parties agree that, based upon the evidence of record, petitioner is entitled to future lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa–15(a)(3)(A).  Respondent proffers that the appropriate award for petitioner's future lost earnings is $3,095.00.  Petitioner agrees.

### C.      Pain and Suffering

Respondent proffers that petitioner should be awarded $64,870.61 for her actual and projected pain and suffering as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### D.      Past Unreimburseable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $6,034.39.  Petitioner agrees.

### E.      Medicaid Lien

Petitioner represents that there are no outstanding Medicaid liens related to her vaccine-related injury.

## II.    Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the special master's decision and the Court's judgment award the following:[1]

A.    A lump sum payment of $80,000.00 (representing compensation for future medical expenses ($6,000.00), lost future earnings ($3,095.00), pain and suffering ($64,870.61), and past unreimbursable expenses ($6,034.39)), in the form of a check payable to petitioner, Susan Moody.  This amount accounts for all elements of compensation under 42 U.S.C. § 300aa–15(a) to which petitioner would be entitled.  Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

## III.   Summary of Recommended Payments Following Judgment

A.    Lump sum paid to petitioner: $80,000.00.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, projected lost earnings, and future pain and suffering.

3

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

*/s/ Lindsay Corliss*
LINDSAY CORLISS
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Dated: August 4, 2014         Direct dial: (202) 616-9197

4