IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS
No. 13-657V
Filed: August 15, 2014
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | |
|---|---|
| SUSAN MOODY, | \* |
| | \* |
| Petitioner, | \* |
| v. | \* |
| | \* |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

Stipulation; Attorneys' Fees and Costs

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Cary Toland, Esq.,* Law Office of Cary M. Toland PC, Brownsville, TX for petitioner.
*Lindsay Corliss, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

## **DECISION ON ATTORNEY FEES AND COSTS[1]**

**Gowen**, Special Master:

      In this case under the National Vaccine Injury Compensation Program,[2] I issued a Decision on August 6, 2014, adopting the Proffer filed on August 4, 2014. On August 7, 2014, the parties filed a stipulation for attorneys' fees and costs. A Decision was filed on August 8, 2014, adopting the parties' stipulation for attorneys' fees and costs. Subsequently, petitioner filed a Motion for Reconsideration due to an error in the stipulation itself and the Decision was withdrawn on August 12, 2014. Order Granting Motion for Reconsideration, filed Aug. 12, 2014.

      Petitioner filed an amended stipulation for attorneys' fees and costs on August 12, 2014. Amended Stipulation, filed Aug. 12, 2014. The amended stipulation indicates that respondent does not object to the amount of $9,150.00 that petitioner is requesting.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq*. (2006).

Additionally, pursuant to General Order #9, the amended stipulation notes that petitioner incurred no personal litigation costs.

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim.  Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1).  Further, the proposed amount seems reasonable and appropriate.  **Accordingly, I hereby award the total $9,150.00[3] in the form of a check payable jointly to petitioner and petitioner's counsel of record, Cary M. Toland, Esq., for petitioner's attorneys' fees and costs.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).